# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| TODD L. HALLQUIST and <br> TERESA R. HALLQUIST, <br>       Plaintiffs, <br> v. <br> UNITED HOME LOANS, INC., et al <br>       Defendants. | Case No. 11-04265-CV-C-NKL |

## ORDER

Currently pending before the Court is Defendant United Home Loan's Motion to Quash Service of Plaintiffs' Summons and Complaint [Doc. # 21] and Plaintiffs Todd and Teresa Hallquist's Motion for Entry of Default and Default Judgment [Doc. # 19]. For the following reasons, Defendant's motion is GRANTED and Plaintiffs' motion is DENIED.

Plaintiffs filed their Complaint in this case on October 5, 2011. A return of service of process was filed by Plaintiffs showing alleged service upon UHL on October 28, 2011. [Doc. # 8]. That filing indicates that Plaintiffs attempted to serve UHL a copy of the Summons and Complaint by certified mailing addressed to "United Home Loans, 3 Westbrook Corp Cent # 1010, Westchester IL 60154." On November 29, 2011, the Court entered its Order to Show Cause against Plaintiffs for their failure to prosecute, and

1

obtain a default and default judgment for the Complaint's allegations relating to UHL. On December 2, 2011, Plaintiffs filed their Motion for Entry of Default and Default Judgment. On the same day, UHL filed this Motion to Quash Service of Plaintiffs' Summons and Complaint on the grounds that service of process was improper under the Federal Rules of Civil Procedure.

Rule 55 of the Federal Rules of Civil Procedure states that "[W]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Before a default may be entered, the party to be defaulted must have been properly served with process. *See Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D. D.C. 2009).

Service of process upon a corporation is proper upon personal delivery of a copy of the summons and complaint to an officer, managing agent, registered agent, or any agent authorized by law to receive service of process. Fed. R. Civ. P. 4(h)(1)(B). Alternatively, pursuant to Rule 4(h)(1)(A) and Rule 4(e)(1), service of process upon a corporation may be effected if the service complies with Missouri law. Under Missouri law, a plaintiff may serve a foreign corporation, via first class mail, by sending the summons and complaint, and two copies of a notice and acknowledgment that are substantially similar to Forms 4B or 4C of the Missouri Rules of Civil Procedure, as well as a self-addressed envelope, to the foreign corporation. *See* Mo. R. Civ. P. 54.16.

As evidenced by the above referenced Rules, Plaintiffs did not properly serve

UHL, an Illinois corporation. Plaintiffs violated Rule 4(h)(1)(B) by not personally delivering the complaint, and also failed to comply with Missouri law by not including a notice and an acknowledgment in the mailing. Though the Court understands that the Plaintiffs were pro se and appeared to act in good faith in serving UHL, a default judgment cannot be imposed upon a defendant if proper service of process has not been effected. Because UHL has not yet been properly served, Plaintiffs' motion for a default judgment is denied without prejudice.

UHL has requested in its Motion that the Court grant it leave to file a responsive pleading. UHL has given its consent to waive the improper service, stating that "[n]otwithstanding Plaintiffs' improper service, UHL is amenable to filing its responsive pleading within fourteen (14) days after the Court's order quashing service on UHL to speed resolution of the case." [Doc. # 3 at 3]. The Court will thus construe UHL's request to file a responsive pleading as a complete waiver of jurisdictional objections concerning improper service of process. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (absent consent, there must be authorization for service of summons on a nonresident defendant in order for a federal court to exercise personal jurisdiction over the defendant). Thus, the Court will grant UHL leave to file a responsive pleading within 14 days of the date of this Order.

It is hereby ordered that Defendant United Home Loan's Motion to Quash Service of Plaintiffs' Summons and Complaint [Doc. # 21] is GRANTED, and Plaintiffs Todd and Teresa Hallquist's Motion for Entry of Default and Default Judgment [Doc. # 19] is

3

Case 2:11-cv-04265-NKL   Document 50   Filed 02/06/12   Page 3 of 4

UHL, an Illinois corporation. Plaintiffs violated Rule 4(h)(1)(B) by not personally delivering the complaint, and also failed to comply with Missouri law by not including a notice and an acknowledgment in the mailing. Though the Court understands that the Plaintiffs were pro se and appeared to act in good faith in serving UHL, a default judgment cannot be imposed upon a defendant if proper service of process has not been effected. Because UHL has not yet been properly served, Plaintiffs' motion for a default judgment is denied without prejudice.

UHL has requested in its Motion that the Court grant it leave to file a responsive pleading. UHL has given its consent to waive the improper service, stating that "[n]otwithstanding Plaintiffs' improper service, UHL is amenable to filing its responsive pleading within fourteen (14) days after the Court's order quashing service on UHL to speed resolution of the case." [Doc. # 3 at 3]. The Court will thus construe UHL's request to file a responsive pleading as a complete waiver of jurisdictional objections concerning improper service of process. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (absent consent, there must be authorization for service of summons on a nonresident defendant in order for a federal court to exercise personal jurisdiction over the defendant). Thus, the Court will grant UHL leave to file a responsive pleading within 14 days of the date of this Order.

It is hereby ordered that Defendant United Home Loan's Motion to Quash Service of Plaintiffs' Summons and Complaint [Doc. # 21] is GRANTED, and Plaintiffs Todd and Teresa Hallquist's Motion for Entry of Default and Default Judgment [Doc. # 19] is

DENIED. The Court also grants UHL leave to file a responsive pleading to Plaintiffs'

Complaint within 14 days of the date of this Order.

.

                                                      s/ Nanette K. Laughrey
                                                      NANETTE K. LAUGHREY
                                                      United States District Judge

Dated: February 6, 2012
Jefferson City, Missouri