IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TODD HALLQUIST | ) |
| | ) |
| and | ) |
| | ) |
| TERESA HALLQUIST, | ) Case No. 11-04265-CV-C-NKL |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED HOME LOANS, INC., *et. al.* | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This action stems from the non-judicial foreclosure sale on August 25, 2011, of real property belonging to Plaintiffs Todd Hallquist and Teresa Hallquist. Pending before the Court are two motions to dismiss for failure to state a claim, the first from Defendants SunTrust Mortgage, Inc. ("SunTrust"), and Federal National Mortgage Association (Fannie Mae) [Doc. # 60] and the second from Defendant Millsap & Singer ("Millsap") [Doc. # 62]. For the following reasons, both motions are GRANTED.

**I.    Facts**

The facts in this section are taken from Plaintiffs' First Amended Complaint, from documentation both attached to the original Complaint and referenced in the First Amended Complaint, and from publicly recorded documents.

On October 2, 2008, the Hallquists executed and delivered a Deed of Trust against the real property located at 325 Kristy Krove Drive, # 5-58, Camdenton, Missouri 65020, to secure a note in the amount of $211,000. The Deed of Trust was given by Plaintiffs to their lender, Defendant United Home Loans, with the beneficial interest therein conveyed to MERS, Inc., as nominee for United Homes and its successors. A few years later, in May of 2011, MERS assigned and conveyed its beneficial interest in the Deed of Trust to SunTrust. In July of 2011, Defendant SunTrust appointed Millsap successor trustee of the Deed of Trust.

On August 25, 2011, the property was sold at a non-judicial foreclosure sale; and SunTrust was the successful bidder at the sale. SunTrust did not tender cash at the sale but instead allowed Millsap, in the name of SunTrust, to purchase the property through a credit bid. SunTrust then conveyed the property to Fannie Mae by Successor-Trustee's Deed Under Foreclosure, which was duly recorded in the Camden County Recorder's Office on August 30, 2011. The Successor-Trustee's Deed Under Foreclosure states that Defendant Fannie Mae was the buyer at the sale.

In their First Amended Complaint (Doc. # 49), the Hallquists bring five counts. They assert against all Defendants a claim for Quiet Title (Count III) and assert against Millsap and Fannie Mae a count for Tampering With A Public Record (Count IV). They claim breach of fiduciary duty against Millsap (Count II) and violation of the Real Estate Settlement Procedure Act (RESPA) against United Homes and Sun Trust (Count V). The

Hallquists also seek to enjoin Defendants Fannie Mae and Millsap from actions to remove the Hallquists from the Subject Property (Count I).

## II. Discussion

### A. Count III

The Hallquists in Count III seek to quiet title to the property in Camdenton, Missouri. A Plaintiff in an action to quiet title has the burden to prove title superior to the other party, not superior to the whole world, and must prevail on the strength of its own title and not on any weakness in the title of the other party." *Ollison v. Vill. of Climax Springs*, 916 S.W.2d 198, 203 (Mo. 1996); *Empire Dist. Elec. Co. v. Coverdell*, 344 S.W.3d 842, 852-53 (Mo. Ct. App. 2011). Thus, to succeed on their quiet title claim, the Hallquists must prove their own title and establish the invalidity of the record sought to be eliminated as a cloud. *Mays v. Kirk*, 414 F.2d 131, 133 (5th Cir. 1969) (cited with approval by *Murray v. United States*, 686 F.2d 1320, 1326 n. 12 (8th Cir. 1982)).

Under Missouri law, a trustee's foreclosure sale transfers all legal and equitable interests in the property to the purchaser at the sale. *Tucker v. Ameriquest Mortgage Co.*, 290 B.R. 134, 136 (Bankr. E.D.Mo. 2003)*, citing* Mo. Rev. Stat. § 443.290 (1939). When the sale is complete at the termination of the foreclosure auction, a grantor of a deed of trust no longer has any interest in the property. *Id.*; *Schmidt v. City of Tipton*, 89 S.W.2d 569, 572 (Mo. Ct. App. 1936).

3

The Hallquists allege that the foreclosure was conducted improperly and as a result, their interest in the property was never extinguished. Specifically, the pleadings allege that the foreclosure was improper because Millsap & Singer 1) improperly bid for SunTrust; 2) allowed a credit bid; 3) allowed Fannie Mae to falsely claim that it purchased the property at the foreclosure sale; and 4) failed to ascertain whether Fannie Mae had any interest in the loans. [Amended Complaint, Doc. # 49].

In support of these claims, Plaintiffs primarily rely on the text of the Deed of Trust, which states that the "highest bidder for cash" shall have its bid accepted. [Doc. # 49 at 3]. The Hallquists then argue that under Missouri law the only party who would be entitled to enter a credit bid in this situation is the creditor, and that SunTrust cannot be considered the creditor.

The Hallquists' argument fails for at least two reasons. First, the Note attached to Plaintiffs' original complaint identifies SunTrust as the Noteholder, and is specially endorsed to Sun Trust from United Home Loans. The Deed of Trust, also attached to Plaintiffs' original complaint, shows that the Deed was assigned to SunTrust by the named beneficiary, MERS, three months before the foreclosure sale. This documentation indicates that SunTrust was the holder of the Note at the time of the foreclosure sale, was entitled to enforce the Note, and had the power of sale and foreclosure conferred upon it by the Deed of Trust. Mo. Rev. Stat. §§ 400.1-201(20); 400.3-301; *Hobson v. Wells Fargo Home Mortg.*, 2011 WL 3704815, * 2 (E.D. Mo. 2011) ("Under Missouri law,

4

non-judicial foreclosure is a contractual right established by a power of sale clause in a deed of trust."). Thus, SunTrust at the time of the sale was a creditor.

Second, the Hallquists have misstated Missouri law when arguing that credit bids are not allowed. Missouri courts have ruled that even when a deed requires the foreclosure sale to be for "cash," a foreclosure sale is not voided when the winning bid amount is paid not as cash but instead as a credit on the outstanding note. *Webb v. Salisbury*, 39 S.W.2d 1045, 1047, 1052 (Mo. 1931); *Martin v. Lorren*, 890 S.W.2d 352, 357 (Mo. Ct. App. 1994). These legal requirements serve a practical purpose. SunTrust, as holder of the note, was legally required to give credit for the sale amount to Plaintiffs against their note. Prohibiting a credit bid in this situation would produce the absurd result of forcing SunTrust to pay itself in cash at the foreclosure sale. The Hallquists have not disputed that they received credit for the amount of the sale against their debt. For the foregoing reasons, the fact that SunTrust placed a credit bid instead of paying in cash does not render the foreclosure sale invalid under Missouri law.

Further, Plaintiffs attack the foreclosure because SunTrust was not present at the sale and relied upon Millsap Singer to announce the bid. However, this argument is also without merit. Missouri law allows a trustee to announce the bid of the foreclosing holder of the note and deed of trust. *Boatmen's Bank of Jefferson County v. Community Interiors, Inc.*, 721 S.W.2d 72, 77 (Mo. Ct. App. 1986); *Hobson v. Wells Fargo Home Mortgage*, 2011 WL 3704815, at * 2 (E.D. Mo. 2011) (Plaintiffs' "show me the note

5

theory...which posits that only the holder of an original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure... has been uniformly rejected courts around the country.") (internal citations omitted).

The Hallquests also contest the accuracy of the Successor-Trustee's Deed, which names Fannie Mae as the purchaser even though SunTrust placed the winning bid. However, as argued by Defendants, the Hallquests have no standing to raise this claim. This is because the title to the property was transferred at the moment the bid was accepted. *See In re Tucker*, 290 B.R. 134, 137 (Bankr. E.D. Mo. 2003) (setting forth and citing Missouri law for the proposition that "the acceptance of the bid by the trustee constitutes an executory contract of sale" and "[a]s between the parties, the title is considered to have vested from the time the contract was made"). As the Hallquists allege in their Complaint, SunTrust's bid was accepted at the foreclosure sale on August 25, 2011; thus, after that bid was accepted, the Hallquests had no further interest in the property. Therefore, they have no standing to attack the Successor Trustee's Deed issued after they had already lost title to the property.

The Hallquists also argue that the SunTrust Defendants are "estopped" from asserting that SunTrust purchased the property at the foreclosure sale because the Successor Trustee's Deed lists Fannie Mae and not SunTrust as the purchaser. However, estoppel by deed is an affirmative defense, which allows one party to a deed to prevent the other party from claiming something different than what is stated in the deed. *See*

6

*White v. Wilks*, 357 S.W.2d 908, 913 (Mo. 1962). The Hallquists are not parties to the deed and thus lack standing to assert this doctrine. *See e.g. Cottle v. Sydnor*, 10 Mo. 763 (Mo. 1847). Finally, the Hallquists argue that the sale lacked consideration. However, SunTrust's crediting of the sale amount to Plaintiffs against their note in exchange for the purchase constitutes sufficient consideration.

Given that the law requires the Hallquists to prevail based on the strength of their own title, rather than the weakness of the opposing party's title, their claim to quiet title must fail.

**B. Count II**

A trustee for a deed of trust acts in a fiduciary capacity and is required to act with "complete integrity, fairness, and impartiality toward both the debtor and the creditor." *Spires v. Edgar*, 513 S.W.2d 372, 378 (Mo. banc 1974). The Hallquists allege that Millsap & Singer:

> a. Failed to disclose that it is a law firm that actively solicits the business of those who purchase property at foreclosure sales and have filed numerous lawsuits on behalf of such persons against the debtor.
> b. Allowed SunTrust to place a credit bid even though the Deed of Trust only allowed cash bids.
> c. Allowed the bid to be assigned to Fannie Mae
> d. Executed a Trustee's Deed which failed to mention any credit bid and represented that Fannie Mae had bid for the property in cash at the sale and had received the winning bid.
> e. Brought suit against the Hallquists on behalf of Fannie Mae after executing the Trustee's Deed.

[Doc. # 68 at 3-4].

To state a breach of fiduciary duty in Missouri, a plaintiff must establish 1) the existence of a fiduciary duty between plaintiff and defendant, 2) a breach by defendant of said duty, and 3) damages. *Preferred Physicians Mutual Management Group v. Preferred Physicians Mutual Risk Retention*, 918 S.W.2d 805, 810 (Mo. Ct. App. 1996).

The Hallquists first argue that Millsap had a fiduciary duty to disclose to the Hallquists that Millsap solicited business from companies that made purchases at foreclosure sales. However, the Hallquists have cited no legal authority to support their claim that such practices constitute a breach of fiduciary duty in foreclosure cases. Even assuming that these types of relationships can be a breach of Millsap's fiduciary duty, the Hallquists have not alleged in their First Amended Complaint any facts indicating that Millsap had a stake in the outcome of the foreclosure sale at the time SunTrust's bid was accepted, or that any damages accrued to the Hallquists from Millsap's business relationships with purchasers at the time of the foreclosure. The Hallquists have also not cited any authority supporting a breach of fiduciary duty when a trustee later acts as legal representative for a purchaser in a post-foreclosure matter.

As discussed in the previous section, Millsap's placement of a credit bid on behalf of SunTrust is not legally improper in Missouri and thus cannot constitute a breach of any fiduciary duty. Further, as discussed above, given that the Hallquists lost title to their property when the bid was accepted, the actions of Millsap occurring after the bid,

8

including the transfer of the bid to Fannie Mae and the execution of the Trustee's deed, cannot represent a breach of any duty to Plaintiffs.[1]

**C. Count IV**

The Hallquists also bring a negligence *per se* claim against Millsap and Fannie Mae for "tampering with a public record" by entering into and recording the Successor-Trustee's Deed after foreclosure. The claim is based on a Missouri criminal statute making it a Class A misdemeanor for anyone to "knowingly make a false entry in . . . [a] public record" "with the purpose to impair the verity, legibility, or availability" of the same. Mo. Rev. Stat. § 575.110. The statute is located under the Mo. Rev. Stat. Chapter 575 entitled "Offenses Against the Administration of Justice."

When a private cause of action exists under a Missouri criminal statute, it takes the form of negligence *per se*. *Imperial Premium Finance, Inc. v. Northland Ins. Co.*, 861 S.W.2d 596, 599 (Mo. Ct. App. 1993). "A private right of action will not be implied when it does not [] promote or accomplish the primary goals of the statute." *Id.* The analysis to be undertaken is whether the criminal statute is designed to create a duty of public protection, and clearly intends to allow recovery for individuals. *Id.*

---

[1] In their complaint, but not in their briefing, the Hallquists also challenge the sale by claiming that Millsap failed to determine whether Fannie Mae had any interest in the note and deed of trust at issue. However, Missouri law does not place a trustee under a duty to make any affirmative investigation after receiving a request by the creditor to foreclose, unless the trustee has actual knowledge of anything which legally should prevent foreclosure. *Spires v. Edgar*, 513 S.W.2d 372, 378 (Mo. Bank 1974). The Hallquists fail to plead any facts indicating that Millsap had actual knowledge of any issue which would legally prevent the foreclosure and thus cannot state any claim for breach of fiduciary duty with regards to its actions listed above.

9

The tampering statute is located under the Mo. Rev. Stat. Chapter 575 entitled "Offenses Against the Administration of Justice," along with statutes in the categories of "Hindering Prosecution," "Perjury," "Tampering with Physical Evidence," and "Misconduct by a Juror." The Chapter's title, along with the titles of individual statutes within, indicate that the purpose of Chapter 575 is to protect the ability of entities such as courts and police departments to administer justice by discouraging attempts by persons to tamper with records or make false statements which hinder the proper operation of the justice system. There is no indication that the statute was intended to deter personal injuries or injuries to the property of individuals, and thus a private cause of action cannot properly be inferred from the statute.

**D.     Count V**

The Hallquists also bring an action under the Real Estate Settlement Procedures Act, ("RESPA"). Under RESPA, "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b)(1). The Hallquists allege that "Defendants United Home Loans and Suntrust provided a table-funded loan to Plaintiffs without providing the necessary Servicing Disclosure Statements not only to the transfer of servicing but to the likelihood that the mortgage itself would be transferred in violation of Section 3500.21." [Doc. # 61 at 18]. Plaintiffs also allege that their Note was "supposedly transferred [to SunTrust] on the same day the loan funded." [Doc. # 73 at 8].

10

RESPA applies to "federally related mortgage loans." A table-funded loan must qualify as a federally related mortgage loan to fall within the reach of RESPA. *See* 24 C.F.R. §§ 3500.2(b); 3500.5(a), (b)(7); 3500.21(a),(b),(d). The failure of a complaint to plead that a loan was a federally related mortgage loan, as defined in 24 C.F.R. § 3500.2(b), is a fatal omission. *Gardner v. First American Title Ins. Co.*, 294 F.3d 991, 993 (8th Cir. 2002). As the Hallquists' complaint fails to allege that the loan was federally related, it has omitted a required element to constitute a prima facie claim.

However, even if Plaintiffs had pled that the loan was federally related, they have failed to plead that they have suffered any damages from the alleged RESPA violation. The statute provides that "[w]hoever fails to comply with this section shall be liable to the borrower ... [for] any actual damages to the borrower as a result of the failure." 12 U.S.C. § 2605(f)(1). The statutory text indicates that plaintiffs are required to plead actual damages in order to state a *prima facie* claim, and courts have generally imputed such a requirement from this language. The pleading of damages claims is interpreted liberally in RESPA claims, however, particularly given the statute's remedial nature, and at least one court, albeit in dicta and in an unpublished opinion, has stated that non-pecuniary damages should be counted as actual damages. *McLean v. GMAC Mortg. Corp.*, 398 F. Appx. 467, 471 (11th Cir. 2010). However, even if the Hallquists' pleadings are interpreted liberally in this manner, they have failed to allege that they suffered any harm at all from a RESPA violation and thus have failed to state a claim under the statute.

11

### E. Count I

The Hallquists also seek a court order enjoining and restraining Defendants from taking any action toward removing Plaintiffs from their home, in effect seeking to block Defendants' state-court unlawful detainer action currently pending in the Associate Circuit Court of Camden County, Missouri, which was filed on September 12, 2011, weeks before the federal action was filed on October 5, 2011.

Defendants argue that the Federal Anti-Injunction Act applies to bar the Court from enjoining the state law case. However, whether or not the FAIA applies here, the Court declines to issue an injunction. As the analysis above indicates, the Hallquists have not succeeded on the merits of their complaint, and injunctive relief is therefore not appropriate.

### III. Conclusion

For the foregoing reasons, the Court hereby GRANTS the Motions to Dismiss filed by Defendants Suntrust Mortgage, Inc., and Federal National Mortgage Association [Doc. # 60] and by Defendant Millsap & Singer [Doc. # 62].

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: June 1, 2012
Jefferson City, Missouri

12

Case 2:11-cv-04265-NKL   Document 74   Filed 06/01/12   Page 12 of 12